UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
GERALD KENNETH ADAMS,              )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   C.A. No. 16-103 S
                                   )
CITY OF CRANSTON; CRANSTON POLICE  )
DEPARTMENT,                        )
                                   )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"). (ECF No. 2.)  Plaintiff, who is pro se, opposes Defendant's Motion. (ECF No. 3.)  For the reasons that follow, Defendant's Motion is GRANTED.  Plaintiff may file an Amended Complaint remedying the issues discussed below within 30 days of this Order.

In reviewing a motion under Rule 12(b)(6), the Court must "assume the truth of all well-pleaded facts in the complaint, drawing all reasonable inferences in the plaintiffs' favor." Fitzgerald v. Harris, 549 F.3d 46, 52 (1st Cir. 2008). Additionally, "while such litigants are not exempt from procedural rules, [courts] hold pro se pleadings to less demanding standards

1

than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008). Despite the fact that pro se litigants' complaints must be afforded a certain amount of latitude, Plaintiff has failed to provide sufficient factual matter in the Complaint for the Court to make any reasonable inferences in support of his claims.

Plaintiff's Complaint states that the basis of his claim is "abduction" and "violation of civil rights." (Compl. § III, ECF No. 1.) He does not identify any laws that were allegedly violated; however, the Court will infer that Plaintiff is alleging a constitutional violation under 42 U.S.C.A. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To make out a claim under § 1983, Plaintiff must present facts to show that his rights were violated. The entirety of the Complaint consists solely of a legal conclusion: that Plaintiff's civil rights were violated and that he was "abduct[ed]" by the Cranston Police Department. "Judges are not expected to be mindreaders."

Rivera–Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). Plaintiff must identify the relevant facts that support his claim.

Additionally, Plaintiff's Complaint fails to comport with Rule 8(a) of the Federal Rules of Civil Procedure, which requires (i) a short and plain statement of the grounds for the court's jurisdiction, (ii) a short and plain statement of the claim, showing that the pleader is entitled to relief, and (iii) a demand for the relief sought.  While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers, . . . this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985) (citation omitted).  Here, Plaintiff has failed to identify grounds for jurisdiction or a demand for relief.  "At a bare minimum, even in this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense."  Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995).  If, as suspected, Plaintiff is attempting to allege a civil rights violation under 42 U.S.C. § 1983, he will need to include a statement in the Complaint that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The Complaint will also need to include the specific relief sought.

Finally, Defendants correctly assert that "[a]s a department of the City of Cranston, the Cranston Police Department is not

3

itself a legal entity and, therefore, is not a proper defendant in this action." (Defs.' Mot. 3, ECF No. 2-1 (citing Bibby v. Petrucci, C.A. No. 07-463-S, 2009 U.S. Dist. LEXIS 113573, at *12 n.3 (D.R.I., December 7, 2009); Peters v. Jim Walter Door Sales of Tampa, Inc., 525 A. 2d 46, 47 (R.I. 1987); Heaton v. Fillion, C.A. NO. PC-2002-1510, 2004 R.I. Super. LEXIS 145, at *4-5 (R.I. Super. Ct., July 30, 2004)).) Accordingly, Plaintiff may proceed against the City of Cranston, but not the Cranston Police Department.

For the foregoing reasons, the Defendants' motion is hereby GRANTED and the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an Amended Complaint within 30 days of this Order.

IT IS SO ORDERED.

/s/ Wesmith
William E. Smith
Chief Judge
Date: August 17, 2016